2023 IL 127318

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 127318)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
JUAN VILLAREAL, Appellant.

*Opinion filed January 20, 2023.*

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville and Overstreet concurred in the judgment and opinion.

Justices Cunningham, Rochford, and O'Brien took no part in the decision.

## OPINION

¶ 1 Petitioner, Juan Villareal, pleaded guilty in the circuit court of Cook County to unlawful possession of a firearm by a gang member in violation of section 24-1.8(a)(1) of the Criminal Code of 1961 (720 ILCS 5/24-1.8(a)(1) (West 2010)). The circuit court sentenced petitioner to four years in prison pursuant to a plea

agreement. Petitioner subsequently filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) arguing his sentence was improperly increased because he was required to serve a period of mandatory supervised release. The circuit court dismissed the petition.

¶ 2 On appeal, petitioner challenged section 24-1.8(a)(1) as facially unconstitutional under the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) because the statute impermissibly criminalized his status as a gang member. See 720 ILCS 5/24-1.8(a)(1) (West 2010). In supplemental briefing, petitioner added an additional claim, arguing the statute was facially unconstitutional, as it violated substantive due process. The appellate court rejected petitioner's eighth amendment challenge and declined to address the due process claim, as it was raised for the first time in petitioner's supplemental brief. 2021 IL App (1st) 181817, ¶¶ 17-21, 28. One dissenting justice found the statute violated substantive due process. *Id.* ¶ 44 (Walker, P.J., dissenting).

¶ 3 Petitioner now argues section 24-1.8(a)(1) is facially unconstitutional for three reasons: (1) it violates the fourteenth amendment's guarantee of substantive due process (U.S. Const., amend. XIV) because it is not rationally related to a legitimate state interest, (2) it violates substantive due process because it is vague, and (3) it violates the eighth amendment. For the following reasons, we hold the statute is constitutional and comports with both the eighth and fourteenth amendments to the United States Constitution.

¶ 4 BACKGROUND

¶ 5 In October 2011, police officers stopped petitioner while he was driving a car the officers believed had been involved in a neighborhood shooting. During the traffic stop, officers searched the car and recovered a fully loaded handgun. Petitioner was charged with several offenses related to the firearm, including unlawful possession of a firearm by a streetgang member in violation of the Criminal Code of 1961 (720 ILCS 5/24-1.8(a)(1) (West 2010)). Petitioner pleaded guilty to unlawful possession of a firearm by a streetgang member. The State dropped the additional charges pursuant to the plea agreement. As part of the factual basis for the plea, the State informed the court petitioner was "a member of the Satan Disciples from 24 and Washtenaw" and that he had never been issued a

Firearm Owner's Identification (FOID) card. Petitioner stipulated to this information. The circuit court sentenced petitioner to four years in prison. Petitioner did not file a direct appeal.

¶ 6       In April 2018, petitioner filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)), arguing the statute governing Illinois's mandatory supervised release scheme was unconstitutional because his sentence was improperly increased when he was required to serve an additional two-year period of mandatory supervised release. The circuit court dismissed the petition. Petitioner appealed the dismissal.

¶ 7       On appeal, petitioner abandoned the claims raised in his petition. Instead, he argued his conviction for unlawful possession of a firearm by a streetgang member was unconstitutional under the eighth amendment to the United States Constitution because it increased the penalty for unlawful possession of a firearm based solely on the person's status as a gang member. See 720 ILCS 5/24-1.8(a)(1) (West 2010). Petitioner acknowledged he had not previously raised the claim in the circuit court but argued the issue was properly before the appellate court because a facially unconstitutional statute could be challenged at any time. See *People v. Thompson*, 2015 IL 118151, ¶ 32.

¶ 8       After the parties filed their briefs, the appellate court *sua sponte* asked the parties to file supplemental briefs addressing two cases—*State v. O.C.*, 748 So. 2d 945 (Fla. 1999), and *State v. Bonds*, 502 S.W.3d 118 (Tenn. Crim. App. 2016)— dealing with the constitutionality of sentencing enhancements for streetgang members. In petitioner's supplemental brief, he argued section 24-1.8(a)(1) was also facially unconstitutional because it violated substantive due process.

¶ 9       A majority of the appellate court rejected petitioner's eighth amendment challenge, finding the statute criminalized more than mere gang membership because it also prohibited the voluntary possession of a firearm without a valid FOID card. 2021 IL App (1st) 181817, ¶¶ 17-21. In addition, the majority noted that, in a prosecution for unlawful possession of a firearm by a gang member, the "State must prove substantially more than mere gang member status; it must prove specific criminal offenses directly related to or in furtherance of the gang's objectives, and therefore, an explicit nexus is required between illegal firearm possession and gang-related activity." *Id.* ¶ 21. The statute did not allow for the

prosecution of passive gang members and only permitted the prosecution of gang members involved in specific criminal acts who also unlawfully possessed weapons. *Id.* ¶ 20. The majority declined to address the substantive due process claim, as it was raised for the first time in petitioner's supplemental brief, which the majority found was in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). 2021 IL App (1st) 181817, ¶¶ 23-28.

¶ 10     Presiding Justice Walker dissented because he found the application of the harsher penalty under the statute was triggered solely by petitioner's status as a gang member. *Id.* ¶ 33 (Walker, P.J., dissenting). Presiding Justice Walker noted:

"The issue here is proof that the group qualifies as a street gang does not entail proof that an individual knew of the group's criminal activities. In addition, proof that the group qualifies as a street gang does not entail proof connecting the possession of the firearm to any of the criminal acts that qualify the group for street gang status." *Id.* ¶ 34.

Presiding Justice Walker concluded the statute violated due process. *Id.* ¶ 43.

¶ 11     This court granted petitioner's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2020). We allowed the American Civil Liberties Union of Illinois leave to file an *amicus curiae* brief in support of petitioner's position. Ill. S. Ct. R. 345(a) (eff. Sept. 20, 2010).

¶ 12                                    ANALYSIS

¶ 13     Before this court, petitioner argues section 24-1.8(a)(1) is facially unconstitutional for the following reasons: (1) it violates the eighth amendment to the Unites States Constitution because it increases an individual's sentence based solely on his status as a gang member, and (2) it violates substantive due process under the fourteenth amendment to the United States Constitution because it (a) criminalizes mere gang association without requiring a nexus between the association and the conduct prohibited under the statute and (b) is vague as written and is therefore void. See 720 ILCS 5/24-1.8(a)(1) (West 2010); U.S. Const., amends. VIII, XIV. Although the appellate court declined to address petitioner's substantive due process argument, we choose to address all of petitioner's claims

because they are facial challenges to the statute, which this court has held can be raised at any time. *In re J.W.*, 204 Ill. 2d 50, 61 (2003).

¶ 14 We begin with the familiar rules controlling the review of a facial constitutional challenge to a statutory provision. A party bringing a facial challenge to a statute faces a particularly heavy burden. *People v. Eubanks*, 2019 IL 123525, ¶ 34. The party must prove there is no set of circumstances under which the statute would be valid. *Id.* Statutes are presumed constitutional, and the party challenging the constitutionality of a statute has the burden of clearly establishing its invalidity. *People v. Coty*, 2020 IL 123972, ¶ 22. This court has a duty to construe a statute in a manner upholding the statute's validity and constitutionality if it can be reasonably done. *People v. Hollins*, 2012 IL 112754, ¶ 13. The issue of whether a statute is constitutional presents a question of law, which this court reviews *de novo*. *People v. Austin*, 2019 IL 123910, ¶ 14.

¶ 15 Petitioner challenges the constitutionality of section 24-1.8(a)(1), which states:

"(a) A person commits unlawful possession of a firearm by a street gang member when he or she knowingly:

(1) possesses, carries, or conceals on or about his or her person a firearm and firearm ammunition while on any street, road, alley, gangway, sidewalk, or any other lands, except when inside his or her own abode or inside his or her fixed place of business, and has not been issued a currently valid Firearm Owner's Identification Card and is a member of a street gang[.]" 720 ILCS 5/24-1.8(a)(1) (West 2010).

The definitions of a "streetgang" and a "streetgang member" are found in the Illinois Streetgang Terrorism Omnibus Prevention Act (Act) (740 ILCS 147/10 (West 2010)). 720 ILCS 5/24-1.8(c) (West 2010).

¶ 16 The Act defines a "streetgang" as "any combination, confederation, alliance, network, conspiracy, understanding, or other similar conjoining, in law or in fact, of 3 or more persons with an established hierarchy that, through its membership or through the agency of any member engages in a course or pattern of criminal activity." 740 ILCS 147/10 (West 2010). A course or pattern of criminal activity is defined as two or more gang-related criminal offenses committed in whole or in

part within this State when (1) at least one such offense was committed after January 1, 1993 (the effective date of the Act); (2) both offenses were committed within five years of each other; and (3) at least one offense involved the solicitation to commit, conspiracy to commit, attempt to commit, or commission of any offense defined as a felony or forcible felony under the Criminal Code of 1961 (now the Criminal Code of 2012). *Id.* A "gang-related" criminal offense "means any criminal activity, enterprise, pursuit, or undertaking directed by, ordered by, authorized by, consented to, agreed to, requested by, acquiesced in, or ratified by any gang leader, officer, or governing or policy-making person or authority, or by any agent, representative, or deputy of any such officer, person, or authority" for the benefit of the gang. *Id.*

¶ 17        A "streetgang member" is defined as

"[(1)] any person who actually and in fact belongs to a gang, and [(2)] any person who knowingly acts in the capacity of an agent for or accessory to, or is legally accountable for, or voluntarily associates himself with a course or pattern of gang-related criminal activity, whether in a preparatory, executory, or cover-up phase of any activity, or who knowingly performs, aids, or abets any such activity." *Id.*

¶ 18        We take each of petitioner's constitutional arguments in turn and review these definitions as they impact each argument.

¶ 19                    A. Petitioner's Substantive Due Process Challenges

¶ 20        The fourteenth amendment to the United States Constitution provides no person shall be deprived of life, liberty, or property without due process of law. U.S. Const., amend. XIV. There are two aspects to the guarantee of due process, procedural and substantive. *People v. Pepitone*, 2018 IL 122034, ¶ 13. Petitioner argues section 24-1.8(a)(1) violates substantive due process. Substantive due process limits the State's ability to act, irrespective of the procedural protections provided. *People v. Cardona*, 2013 IL 114076, ¶ 17. A statute violates the constitutional guarantee of due process if it does not bear a rational relationship to a legitimate legislative purpose. *People v. Boeckmann*, 238 Ill. 2d 1, 7 (2010). A statute can also violate due process if it is unconstitutionally vague. *People v. Plank*,

2018 IL 122202, ¶ 12. Petitioner argues section 24-1.8(a)(1) violates due process for both reasons.

¶ 21                                1. Rational Basis

¶ 22    In this case, the parties agree section 24-1.8(a)(1) does not impact a fundamental constitutional right. When a statute does not impact a fundamental constitutional right, the applicable standard for reviewing whether the statute conforms with substantive due process is the rational basis test. *Boeckmann*, 238 Ill. 2d at 7. Applying the rational basis test, we must determine (1) whether there is a legitimate state interest behind the statute and, if so, (2) whether there is a reasonable relationship between the interest and the means the legislature has chosen to pursue it. *Pepitone*, 2018 IL 122034, ¶ 14 (citing *People v. Johnson*, 225 Ill. 2d 573, 584 (2007)). If a statute is reasonably related to a legitimate state interest, the means or method the legislature has chosen to serve the state interest will also be reasonable. *Id.* ¶ 16. A challenged statute must be upheld if there is a conceivable basis for finding it is rationally related to a legitimate state interest. *Boeckmann*, 238 Ill. 2d at 7. Although it is not toothless, the rational basis test is highly deferential to the findings of the legislature. *Pepitone*, 2018 IL 122034, ¶ 17; *People v. Jones*, 223 Ill. 2d 569, 596 (2006).

¶ 23    In enacting section 24-1.8(a)(1), the legislature identified the legislative purpose of the statute as "to protect innocent citizens, public areas by severely and justly punishing those individuals who are prone to cause violence in public areas— gang members." 96th Ill. Gen. Assem., Senate Proceedings, Oct. 29, 2009, at 152 (statements of Senator Muñoz). To implement this legislative purpose, the statute was specifically aimed at "gang members who possess firearms and ammunition in areas where gang violence is most likely to erupt—the streets, sidewalks, alleys, gangways and roadways of urban areas throughout Illinois." *Id.* The legislature thus enacted section 24-1.8(a)(1) and increased the penalty for the unlawful possession of a firearm or firearm ammunition in public without a FOID card when the person in possession of the firearm or ammunition is a gang member. 720 ILCS 5/24-1.8(a)(1), (b) (West 2010). We conclude the legislature's decision to increase the penalty was reasonable and rationally related to its stated purpose of curbing gang

violence against innocent citizens in public areas. Accordingly, we hold section 24-1.8(a)(1) does not violate substantive due process.

¶ 24     Petitioner argues the statute fails the rational basis test because it does not require any connection between the gang association and the underlying offense of unlawfully possessing a firearm. Without this connection, petitioner argues, the statute does not actually target criminal gang activity, thus failing the rational basis test. However, in enacting section 24-1.8(a)(1), the legislature found violence against innocent citizens in public areas was committed by armed gang members. Connecting the legislative purpose of reducing this specific violence to the conduct to be prohibited—gang members possessing firearms—the legislature chose to enact a statute heavily punishing gang members for unlawfully possessing firearms in public areas. This direct connection distinguishes this case from *Bonds*, 502 S.W.3d at 157, where the court found the gang enhancement statute increasing penalties for all offenses committed by a gang member failed "to even obtusely target gang-related criminal activity." See also *O.C.*, 748 So. 2d at 947 (striking down a gang enhancement statute increasing the penalty for all offenses committed by a gang member because there was no connection between the underlying offense and the gang membership).

¶ 25     The rational basis test asks whether there is a reasonable relationship between the legislative purpose and the means the legislature has chosen to pursue it. *Johnson*, 225 Ill. 2d at 584. We find increasing the penalty for the unlawful possession of a firearm in public when the offender is a gang member was a rational method of accomplishing the legislative goal of protecting innocent citizens from gang violence. While requiring the possession of the firearm to be directly connected to specific gang activity may be an alternate means of accomplishing the legislative purpose, the rational basis test does not require the statute to be the best means of accomplishing the legislature's objectives. *J.W.*, 204 Ill. 2d at 72. The determination of the best means to achieve the legislative goal is best left to the legislature, not the courts. *Id.*

¶ 26     Petitioner further argues the definition of a streetgang member does not require active gang membership and can sweep up individuals with mere passive association with the gang—thus violating substantive due process. The State contends the plain language of the statute makes it clear only gang members who

are ready and willing to commit crimes on behalf of the gang are swept into the definition of a gang member. We agree with the State and find the phrase "actually and in fact belongs to" when defining a gang member refers to a level of association beyond mere passive association.

¶ 27     We return to the definition of a gang member provided in the Act as

"[(1)] any person who actually and in fact belongs to a gang, and [(2)] any person who knowingly acts in the capacity of an agent for or accessory to, or is legally accountable for, or voluntarily associates himself with a course or pattern of gang-related criminal activity, whether in a preparatory, executory, or cover-up phase of any activity, or who knowingly performs, aids, or abets any such activity." 740 ILCS 147/10 (West 2010).

The second definition of a gang member undoubtedly encompasses active participation in gang-related criminal activity by a person acting as an agent of the gang. See *id.* Petitioner argues the first definition of a gang member includes gang members who passively associate with the gang with no knowledge of the gang's criminal activity. Since the phrase "actually and in fact belongs to" is not statutorily defined, we turn to a dictionary for the common meaning of the term "belongs to." *People v. Comage*, 241 Ill. 2d 139, 144 (2011) ("When a statutory term is undefined, it is appropriate to employ a dictionary definition to ascertain its meaning.").

¶ 28     The Act went into effect in 1993. See Pub. Act. 87-932, art. II, § 1 (eff. Jan. 1, 1993). The contemporaneous dictionary definitions of "belong" were "to become attached or bound (as to a person, group, or organization) by birth, allegiance, residence, or dependency." Webster's Third New International Dictionary 201 (1993). "Bound" was defined as "under legal or moral restraint or obligation" (*id.* at 260), and "allegiance" was defined as "devotion or loyalty esp. to a person, group, or cause entitled to obedience or service and respect" (*id.* at 55). These definitions can also be found on the current online version of the Merriam-Webster Dictionary. In the context of section 24-1.8(a)(1), to belong to a gang thus means to be attached or bound to a gang in a manner expressing an active devotion or loyalty to the gang.

¶ 29 This definition is in line with the definition of a gang, which is "any combination, confederation, alliance, network, conspiracy, understanding, or other similar conjoining, in law or in fact, of 3 or more persons with an established hierarchy that, *through its membership* or through the agency of any member engages in a course or pattern of criminal activity." (Emphasis added.) 740 ILCS 147/10 (West 2010). A "course or pattern of criminal activity" means two or more gang-related criminal offenses. *Id.* The statute also provides a detailed definition of gang-related criminal activity, which includes criminal activity to benefit the gang, such as by increasing the gang's dominance in a geographical area or providing the gang with an advantage in a criminal sector. *Id.* Read together, these definitions indicate gang members are necessarily active participants in criminal activities on behalf of the gang. See *Comage*, 241 Ill. 2d at 144 ("To determine the plain meaning, we must consider the statute in its entirety and be mindful of the subject it addresses.").

¶ 30 We find the plain language of section 24-1.8(a)(1) and the definitions it incorporates from the Act are clear as to the legislative intent. However, "[t]o the extent any residual doubt exists, it is erased through examination of the legislative history." *People v. Blair*, 2013 IL 114122, ¶ 38. A reading of the statute to include only active gang members implements the legislative intent as confirmed by the sentiments of the legislature when section 24-1.8(a)(1) was enacted. When legislators expressed concern about criminalizing individuals who were not active gang members, they were reassured the statute would only include gang members who were "actively engaged in the criminal enterprise" "in that gang and the burden of proof from the State's attorney's office is—it has to be very, very high." 96th Ill. Gen. Assem., Senate Proceedings, Oct. 29, 2009, at 158 (statements of Senator Millner); see *People v. Murray*, 2019 IL 123289, ¶ 39.

¶ 31 Therefore, for an individual to be prosecuted for unlawful possession of a firearm in public as a gang member, the State must prove—as an element of the offense—the individual was an active gang member at the time he possessed the firearm. We decline to read into the statute a legislative intent to punish passive members of a gang. *Scales v. United States*, 367 U.S. 203, 222 (1961) (declining to attribute to Congress a purpose to punish nominal membership); *Hollins*, 2012 IL 112754, ¶ 13 ("We have a duty to construe the statute in a manner that upholds the

statute's validity and constitutionality, if it can be reasonably done.").

¶ 32                            2. Void for Vagueness

¶ 33        A vagueness challenge arises from the notice requirement of the fourteenth amendment's due process clause. *Bartlow v. Costigan*, 2014 IL 115152, ¶ 40. As a basic principle of due process, a statute is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). A statute can be impermissibly vague if it (1) fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits or (2) authorizes or even encourages arbitrary and discriminatory enforcement. *Hill v. Colorado*, 530 U.S. 703, 732 (2000). In addressing a vagueness challenge to a statute, we first examine the plain language of the statute in light of its common understanding and practice. *Wilson v. County of Cook*, 2012 IL 112026, ¶ 24. If the plain text of the statute sets forth clearly perceived boundaries, the vagueness challenge fails, and our inquiry ends. *Id.*

¶ 34        Petitioner contends section 24-1.8(a)(1) is vague because the first definition of a gang member does not provide guidance on how a person may join a gang and because the second definition does not provide the minimal level of association necessary to trigger the statute. We disagree. Section 24-1.8(a)(1) provides a person of ordinary intelligence a reasonable opportunity to understand the prohibited conduct, which is the possession of a firearm or firearm ammunition in public without a valid FOID card. See 720 ILCS 5/24-1.8(a)(1) (West 2010). Additionally, the definitions of what constitutes a streetgang, a gang member, and criminal activity are highly detailed and specific and further provide a person of ordinary intelligence with guidance on who is prohibited from the public possession of firearms under section 24-1.8(a)(1). The fact the definition does not provide an explanation for how a person may join a gang does not undermine the plain language explaining when a person is in fact an active gang member.

¶ 35        We find *Lanzetta v. New Jersey*, 306 U.S. 451 (1939), on which petitioner relies, distinguishable. In that case, the United States Supreme Court struck down a New Jersey statute holding,

- 11 -

"Any person not engaged in any lawful occupation, known to be a member of any gang consisting of two or more persons, who has been convicted at least three times of being a disorderly person, or who has been convicted of any crime, in this or in any other State, is declared to be a gangster . . ." (Internal quotation marks omitted.) *Id.* at 452.

The Supreme Court noted the definition of a gang as "consisting of two or more persons" did not provide enough information on the meaning of the word. *Id.* at 453. The Court looked to dictionaries and other sources and concluded the term "gang" was defined in many different ways, with no common-law definition. *Id.* at 454-55.

¶ 36 The Court further found the expression "known to be a member" was ambiguous because it did not indicate whether it included active or putative membership. *Id.* at 458. The Court also noted the statute failed to indicate what constituted membership or how an individual could join a gang. *Id.* Ultimately, the Court struck down the statute because it "condemn[ed] no act or omission; the terms it employ[ed] to indicate what it purport[ed] to denounce [were] so vague, indefinite and uncertain" as to violate the due process clause. *Id.*

¶ 37 In contrast to the language at issue in *Lanzetta*, section 24-1.8(a)(1) provides detailed, clear definitions of a "gang" based on more than the number of a group's membership. 720 ILCS 5/24-1.8(c) (West 2010); 740 ILCS 147/10 (West 2010). Furthermore, the definition of a "gang member" requires active participation in criminal activity by an actual gang member or one acting as an agent for the gang. 740 ILCS 147/10 (West 2010). Unlike in *Lanzetta*, the statute requires a person to actually belong to a gang or act on behalf of a gang, not simply be suspected of belonging to one. See *Lanzetta*, 306 U.S. at 458. Section 24-1.8(a)(1) is also clear on what conduct it condemns—the unlawful possession of firearms in public spaces by gang members. 720 ILCS 5/24-1.8(a)(1) (West 2010). Section 24-1.8(a)(1) thus comports with due process.

¶ 38 Petitioner also argues the second definition of a streetgang member lacks clarity because it does not provide notice of what it means for a person to "voluntarily associate" and what minimal level of association is required. Petitioner fails to read "voluntarily associate" in the context of the entire definition, under which a person is a gang member if he

"knowingly acts in the capacity of an agent for or accessory to, or is legally accountable for, or voluntarily associates himself with a course or pattern of gang-related criminal activity, whether in a preparatory, executory, or cover-up phase of any activity, or who knowingly performs, aids, or abets any such activity." 740 ILCS 147/10 (West 2010).

The phrase "voluntarily associates himself with" must be read in the context of the entire statutory text because "a word is given more precise content by the neighboring words with which it is associated." *Corbett v. County of Lake*, 2017 IL 121536, ¶ 31 (quoting *United States v. Williams*, 553 U.S. 285, 294 (2008)). In context, an individual's association with a course or pattern of criminal activity must be in the same vein as one who acts as an agent or accessory in the planning, execution, and cover-up of a gang-related offense.

¶ 39     Further, to "associate" is not defined under the statute. See 740 ILCS 147/10 (West 2010). We therefore rely on the dictionary definition, which is "to join often in a loose relationship as a partner, fellow worker, colleague, friend, companion, or ally." Webster's Third New International Dictionary 132 (1993). The plain language of the statute provides that a person voluntarily associates with a course or pattern of gang-related criminal activity when he joins as a partner, friend, companion, or ally in the preparation, execution, or cover-up of the gang-related criminal activity. This would not include the examples the petitioner cites, *i.e.*, a person who merely likes a social media post about an offense he took no part in or one who makes laudatory comments about the offense or its perpetrators but otherwise did not participate in the offense. These activities do not generally constitute joining in the course or pattern of gang-related criminal activity, whether in a preparatory, executory, or cover-up phase.

¶ 40     Similarly, petitioner fails to show section 24-1.8 is vague because it authorizes or even encourages arbitrary and discriminatory enforcement by not providing a clear definition of a gang member. See *Hill*, 530 U.S. at 732. To avoid being struck down as vague, a statute must provide explicit standards to regulate the discretion of governmental authorities who apply the law. *People v. Maness*, 191 Ill. 2d 478, 484 (2000). If the legislature fails to provide minimal guidelines to govern law enforcement, a criminal law " 'may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." ' " *Id.*

(quoting *Kolender v. Lawson*, 461 U.S. 352, 358 (1983), quoting *Smith v. Goguen*, 415 U.S. 566, 575 (1974)). We find section 24-1.8(a)(1) provides the necessary guidance, through its clear and detailed definitions of both a gang member and a gang, to guide members of law enforcement and prosecutors properly following these definitions. The statute itself does not leave the determination of what constitutes a gang member to an officer's or prosecutor's personal discretion.

¶ 41 Petitioner argues the Chicago Police Department often relies on gang databases compiled in a discriminatory manner. This is a serious concern. However, this argument goes to the amount of evidence the State must introduce at trial to prove beyond a reasonable doubt that a person is a gang member under section 28-1.4(a)(1), including proving the group he is charged as a member of is a gang. See 740 ILCS 147/10 (West 2010); *Murray*, 2019 IL 123289, ¶ 34 (finding, in a prosecution for a violation of section 24-1.8(a)(1), when proving the defendant is a gang member, the State must prove beyond a reasonable doubt the existence of the gang as defined under the Act).

¶ 42 We also note the issue of whether a person is a gang member under the statute would arise only when the person is being charged for being in unlawful public possession of a firearm without a valid FOID card. At the point of arrest, the police officers would presumably arrest all individuals unlawfully possessing firearms without valid FOID cards, whether they are gang members or not. See 720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2010). Therefore, section 24-1.8(a)(1) would not permit an officer's personal predilection to determine who would be arrested for unlawfully possessing a firearm. Once a person is arrested, the determination of how to charge him will depend on how much evidence the State believes it has to prove the defendant's gang membership. *Murray*, 2019 IL 123289, ¶ 37. Because the statute provides detailed definitions of these terms, we find it is not vague under either vagueness standard and hold section 24-1.8 does not violate due process.

¶ 43                    B. Petitioner's Eighth Amendment Challenge

¶ 44 The eighth amendment to the United States Constitution prohibits cruel and unusual punishments and applies to the states through the fourteenth amendment. U.S. Const., amends. VIII, XIV; *People v. Buffer*, 2019 IL 122327, ¶ 15. In *Ingraham v. Wright*, 430 U.S. 651, 664-67 (1977), the United States Supreme Court

reviewed the history of the eighth amendment and the Court's decisions in an effort to determine how the clause circumscribes the criminal process. The Court concluded the clause does so in three ways: (1) it limits the kinds of punishment that can be imposed on those convicted of crimes, (2) it proscribes punishment grossly disproportionate to the severity of the crime, and (3) it imposes substantive limits on what can be made criminal and punished as such. *Id.* at 667. The Supreme Court has recognized the last limitation as one to be applied sparingly. *Id.* Petitioner's eighth amendment argument in this case concerns this last category, which stems from the Supreme Court's decision in *Robinson v. California*, 370 U.S. 660 (1962).

¶ 45       In *Robinson*, the Supreme Court struck down a statute criminalizing "the status" of drug addiction. *Id.* at 666. In reaching its holding, the Court found drug addiction to be "an illness which may be contracted innocently or involuntarily" and that criminalizing addiction was cruel and unusual punishment. *Id.* at 667. The Court subsequently reviewed the limits of *Robinson* in *Powell v. Texas*, 392 U.S. 514 (1968). In *Powell*, the Court was asked to determine the constitutionality of a statute criminalizing public intoxication. *Id.* at 517. The Court upheld the statute after finding it did not criminalize the status of being a chronic alcoholic but the public behavior of being drunk in public on a particular occasion. *Id.* at 532. The *Powell* Court noted:

> "The entire thrust of *Robinson*'s interpretation of the Cruel and Unusual Punishment Clause is that criminal penalties may be inflicted only if the accused has committed some act, has engaged in some behavior, which society has an interest in preventing, or perhaps in historical common law terms, has committed some *actus reus*. It thus does not deal with the question of whether certain conduct cannot constitutionally be punished because it is, in some sense, 'involuntary' or 'occasioned by a compulsion.' " *Id.* at 533.

¶ 46       Petitioner, relying on *Robinson* and *Powell*, argues section 24-1.8(a)(1) criminalizes an individual's mere status of being a gang member. See 720 ILCS 5/24-1.8(a)(1) (West 2010). We find *Powell* instructive and find section 24-1.8(a)(1) constitutional because it includes an *actus reus*—a gang member's public possession of a firearm or firearm ammunition without a valid FOID card. See *Powell*, 392 U.S. at 533. Section 24-1.8(a)(1) does not criminalize mere status as

in *Robinson*. See *Robinson*, 370 U.S. at 666-67. As a result, section 24-1.8(a)(1) comports with the cruel and unusual punishment clause and does not violate the eighth amendment.

¶ 47 Petitioner notes the act of possessing a firearm is already criminalized under section 24-1 and that section 24-1.8(a)(1)'s increase of the penalty is based solely on gang membership. See 720 ILCS 5/24-1, 24-1.8(a)(1) (West 2010). The State contends the legislature may properly determine certain criminal acts warrant a greater penalty when committed by offenders with particular statuses. Given our conclusions regarding the statutory definition of gang member and the kind of offender the statute was intended to reach, we agree with the State. Section 24-1.8(a)(1) and (b) provide a greater penalty for an active gang member's public possession of a firearm without a FOID card because the legislature determined it was an effective deterrent aimed at addressing the serious problem of gang violence in public areas. See 96th Ill. Gen. Assem., House Proceedings, Oct. 15, 2009, at 69-70. The legislature is free to do this under the eighth amendment. See *Spencer v. Texas*, 385 U.S. 554, 559 (1967) (noting the Court's history of sustaining enhanced-sentence statutes and other recidivist statutes); *Rummel v. Estelle*, 445 U.S. 263, 284 (1980) (upholding a statute imposing a life sentence on a defendant due to his criminal history as constitutional under the eighth and fourteenth amendments).

¶ 48 Petitioner further argues section 24-1.8(a)(1) is unconstitutional because it criminalizes the involuntary status of gang membership, just as the statute struck down in *Robinson* criminalized the involuntary status of drug addiction. See *Robinson*, 370 U.S. 660. Petitioner argues some gang members are forced to join gangs for protection and self-preservation and that their membership is thus involuntary. In furtherance of his involuntary membership argument, petitioner urges this court to examine another category of status offenses found unconstitutional under the eighth amendment—homelessness or vagrancy laws.

¶ 49 Petitioner relies on *Pottinger v. City of Miami*, 810 F. Supp. 1551, 1562 (S.D. Fla. 1992), where the district court noted courts had overturned vagrancy laws because they punish status or condition, but in deciding such cases, the voluntariness of the status or condition was the decisive factor. Because petitioner raises a facial constitutional challenge, he must show gang membership is an involuntary condition in all cases to show section 24-1.8(a)(1) is facially

unconstitutional. See 720 ILCS 5/24-1.8(a)(1) (West 2010). Petitioner fails to allege or show all gang membership is involuntarily, as he notes some gang members join a gang for social reasons or to reap the benefits of gang protection. Therefore, his facial challenge fails. *Thompson*, 2015 IL 118151, ¶ 36 (noting a facial challenge requires showing the statute is unconstitutional under any set of facts).

¶ 50    Petitioner's facial challenge fails for a second reason. Petitioner's argument focuses on the first definition of a streetgang member—one who is actually and in fact belongs to a gang. 740 ILCS 147/10 (West 2010). Petitioner acknowledges the second definition of a streetgang member may, in some cases, fulfill the requisite *actus reus* for purposes of the eighth amendment. This acknowledgement ends petitioner's facial constitutional challenge. *Thompson*, 2015 IL 118151, ¶ 36. However, petitioner argues the statute is still facially unconstitutional because it does not generally require all gang members to have engaged in criminal gang-related conduct before their sentences are enhanced. Citing *City of Los Angeles v. Patel*, 576 U.S. 409, 418 (2015), petitioner argues this court can review this as a facial challenge because "only applications of the statute in which it actually authorizes or prohibits conduct" should be considered. We find *Patel* inapplicable.

¶ 51    *Patel* involved the facial constitutional challenge to a statute granting police officers access to hotel records on their guests without a warrant. *Id.* The petitioner argued the facial challenge failed because the warrantless searches authorized under the statute would never be unconstitutional in all applications. *Id.* at 417. In some situations, warrantless searches would be allowed by consent, exigent circumstances, and court-ordered warrants. *Id.* at 417-18. The United States Supreme Court rejected this argument, noting while the person raising a constitutional challenge had to establish a law is unconstitutional in all its applications, when assessing whether a statute meets this standard, courts consider only applications of the statute in which it actually authorizes or prohibits conduct. *Id.* at 418. In situations where there was consent to search, exigent circumstances, or court-ordered warrants, the statute was not implicated. *Id.* at 418-19. As a result, these exceptions to the statute were irrelevant because they did not involve actual applications of the statute. *Id.* at 419.

¶ 52 This is not the situation we have in the present case. Here, section 24-1.8(a)(1) plainly applies to both definitions of a streetgang member provided under the Act (740 ILCS 147/10 (West 2010)). The second definition is not an exception to section 24-1.8(a)(1). The application of the second definition to section 24-1.8(a)(1) is therefore relevant to a determination of whether the statute is constitutional. To sustain his facial constitutional challenge, petitioner must show section 24-1.8(a)(1) is unconstitutional when applied to both definitions of a streetgang member. Since he acknowledges there may be situations where the statute may be constitutionally applied to the second definition, his facial challenge fails.

¶ 53                                CONCLUSION

¶ 54 For the foregoing reasons, we find section 24-1.8(a)(1) is facially constitutional under the eighth and fourteenth amendments to the United States Constitution. We therefore affirm the judgment of the appellate court, which affirmed petitioner's conviction and sentence.

¶ 55 Affirmed.

¶ 56 JUSTICES CUNNINGHAM, ROCHFORD, and O'BRIEN took no part in the consideration or decision of this case.