2026 IL App (1st) 240636-U

No. 1-24-0636

Order filed January 27, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | Nos. 16 CR 14634 |
| v. | ) | 21 CR 7670 |
| | ) | 22 C5 50587 |
| | ) | |
| MARQUELL ROSE, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the denial of defendant's motion to vacate his aggravated unlawful use of a weapon conviction because the statute creating that offense is not facially unconstitutional and defendant forfeited his as-applied constitutional challenge to the statute.

¶ 2    Defendant Marquell Rose appeals from a circuit court order denying his *pro se* motion to vacate his conviction for aggravated unlawful use of a weapon (AUUW). On appeal, he contends that the AUUW statute is unconstitutional facially and as applied to him. We affirm.

¶ 3    Defendant entered negotiated guilty pleas to three firearm offenses spanning from 2016 to 2022. In case 16 CR 14634, pursuant to his guilty plea on March 8, 2017, defendant was convicted of AUUW for carrying an uncased, loaded, and immediately accessible firearm outside his home without having been issued a valid license under the Firearm Concealed Carry Act (CCL) or a valid firearm owner's identification (FOID) card (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C) (West 2016)), and was sentenced to one year in prison.

¶ 4    In case 21 CR 7670, pursuant to his guilty plea on December 20, 2022, defendant was convicted of unlawful use of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2020)), the predicate felony being his AUUW conviction in case 16 CR 14634, and sentenced to nine years in prison.

¶ 5    In case 22 C5 50587, pursuant to his guilty plea on January 17, 2023, defendant was convicted of AUUW for carrying an uncased, loaded, and immediately accessible firearm outside his home without having been issued a valid CCL (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2022)), and was sentenced to one year in prison, consecutive to the sentence in 21 CR 7670.

¶ 6    On October 12, 2023, defendant filed the instant *pro se* motion to vacate his AUUW conviction as facially unconstitutional and void *ab initio* under *People v. Aguilar*, 2013 IL 112116. The motion included only case number 16 CR 14634 in the caption and did not mention the other cases. The State asserted that defendant was not convicted under the version of AUUW held void under *Aguilar*. On November 3, 2023, the circuit court denied the motion and noted defendant had "served his time on this case."

¶ 7    On December 13, 2023, defendant sent the circuit court clerk a letter asking for the status of his case. The letter stated that defendant's October 2023 motion challenged all three of his

convictions but also that the other convictions were "not mentioned in the motion yet are very much true."

¶ 8    Defendant filed a *pro se* motion for leave to file a late notice of appeal, which we granted. His motion included all three circuit court case numbers in the caption and claimed that his motion to vacate challenged all three convictions. Defendant attached as exhibits copies of two motions to vacate his AUUW conviction under *Aguilar*, one in case 16 CR 14634 and the other in case 22 C5 50587. Both motions bear circuit court clerk "filed" stamps dated October 12, 2023. However, there is no indication in the record that the second motion in the 2022 case was filed or presented in the circuit court.

¶ 9    On appeal, defendant contends that the AUUW statute under which he was convicted is unconstitutional facially and as applied to him. Specifically, he contends that the provisions of the AUUW statute requiring the issuance of a valid CCL or FOID card are unconstitutional.

¶ 10    As a threshold matter, we agree with the State that defendant has forfeited the claim that the AUUW statute is unconstitutional as applied to him. Facial and as-applied constitutional challenges are "not interchangeable," and because an as-applied challenge requires a showing that the statute is unconstitutional as it applies to a defendant's particular facts and circumstances, "it is paramount that the record be sufficiently developed in terms of those facts and circumstances for purposes of appellate review." *People v. Thompson*, 2015 IL 118151, ¶¶ 36-37. A defendant forfeits an as-applied challenge when raising it for the first time on appeal. *Id.* ¶ 39.

¶ 11    Here, the motion claimed only facial unconstitutionality under *Aguilar*, the parties did not create a record of particular facts and circumstances, and the circuit court considered only facial unconstitutionality. Thus, we will not consider the as-applied constitutional challenge to the AUUW statute. *Id.* ¶ 39.

¶ 12    As another threshold matter, the record is unclear as to whether defendant challenged in the circuit court all three convictions he included in his notice of appeal. However, we need not resolve that question. If defendant's claim of facial unconstitutionality is correct, we could grant relief in all three cases as a facially unconstitutional statute is void *ab initio* and may be challenged at any time. *In re N.G.*, 2018 IL 121939, ¶¶ 43, 57. Also, a court has an independent duty to vacate the void judgment *sua sponte*. *Id.* ¶ 57. Thus, if defendant's unconstitutionality claim is correct, vacatur of both his AUUW convictions would be appropriate. Similarly, the felony underlying defendant's UUWF conviction was his first AUUW conviction. A conviction found void based on a facially unconstitutional law cannot be used in subsequent proceedings to support guilt or enhance punishment for another offense. *Id.* ¶ 38. Thus, if defendant's claim is correct, his first void AUUW conviction could not make him a felon and his UUWF conviction would not stand. In sum, either all or none of defendant's convictions included in his notice of appeal are invalid.

¶ 13    The second amendment to the United States Constitution (U.S. Const., amend. II) provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

¶ 14    As relevant here, an individual commits AUUW when he knowingly carries on his or her person an uncased, loaded, and immediately accessible firearm while not "on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission," without having been issued a valid CCL or a valid FOID card. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (C) (West 2016).

¶ 15    Defendant contends that the provisions of the AUUW statute requiring a valid CCL or FOID card are facially unconstitutional under *New York State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1 (2022), because criminalization of firearm possession without a CCL and FOID card

burdens the individual right to bear arms with no historical analogue. The State responds that *Bruen* and *People v. Thompson*, 2025 IL 129965, hold otherwise. Whether a statute is constitutional is a question of law reviewed *de novo. People v. Villareal*, 2023 IL 127318, ¶ 14.

¶ 16    In *Bruen*, the United States Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 597 U.S. at 9. The Court then provided a two-step test to determine the constitutionality of firearm regulations. At the first step, if the government can prove that the regulated conduct falls beyond the Second Amendment's original scope, the analysis ends and the regulation is constitutional. *Id.* at 18. If the government cannot so prove, the court proceeds to the second step: "to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id*. at 26.

¶ 17    *Bruen* involved a challenge to a New York statute requiring a license to possess a firearm inside or outside one's home, with the applicant having to show "proper cause;" that is, a special need for self-protection distinguishable from the general public's need. *Id.* at 11-12. The *Bruen* Court noted that 43 states, including Illinois, are "shall issue" jurisdictions where authorities have no discretion to deny a concealed-carry license when threshold requirements are met. *Id.* at 13. In contrast, New York and 6 other jurisdictions have "may issue" licensing laws granting authorities discretion to deny licenses even when all statutory criteria are met. *Id*. at 13-15. In finding New York's "may issue" licensing regime unconstitutional, the *Bruen* Court stated that "nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes." *Id.* at 38 n.9.

¶ 18    In *Thompson*, the defendant challenged the constitutionality of the AUUW statute "as impermissibly restricting law-abiding citizens' right to openly carry handguns in public and

enforcing an ahistorical double licensing regime that mandates CCLs and FOID cards." *Thompson*, 2025 IL 129965, ¶ 13. Applying *Bruen* to the CCL and FOID card requirements, our supreme court noted that the *Bruen* Court focused on the "may issue" nature of the New York statute, in contrast to the "shall issue" nature of CCLs and FOID cards, which must be issued "whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability." *Id*. ¶¶ 21-23; 29-30.

¶ 19    Our supreme court explained that the "*Bruen* Court expressly declared shall-issue licensing regimes facially constitutional under the second amendment *because* they neither give officials licensing discretion nor require the applicant to show an atypical need for self-defense." (Emphasis in original.) *Id.* ¶ 39. The court noted the "defendant's possession of a ready-to-use firearm in his vehicle constitutes public concealed carriage, which is presumptively protected under *Bruen*." *Id.* ¶ 44. The court determined, however, that the *Bruen* Court's "express endorsement of shall-issue licensure obviates the need for this court to apply the historical-tradition component of the *Bruen* analysis to defendant's facial challenge to section 24-1.6(a)(1), (a)(3)(A-5) and its enforcement of CCL and FOID card licensure." *Id.* The court concluded that "Illinois's shall-issue regime does not violate the second amendment." *Id.* ¶ 45.

¶ 20    Here, we have no basis to depart from *Thompson* and similarly must conclude that the CCL and FOID card provisions of the AUUW statute are not facially unconstitutional. *Yakich v. Aulds*, 2019 IL 123667, ¶ 13 (lower courts are bound to apply our supreme court's precedent). Defendant points to Justice Overstreet's dissent in *Thompson* and asks us to conduct our own *Bruen* analysis rather than follow *Thompson*. We decline. *Id.*

¶ 21    Accordingly, the judgment of the circuit court of Cook County is affirmed.

¶ 22    Affirmed.