2026 IL App (1st) 250250-U

No. 1-25-0250

Order filed June 1, 2026

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 12805-01 |
| | ) | |
| MICHAEL TALBERT, | ) | Honorable |
| | ) | Neera Lall Walsh, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justices Howse and Cobbs concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Defendant's conviction is affirmed where the armed habitual criminal statute is not unconstitutional on its face.

¶ 2   Following a jury trial, defendant Michael Talbert was convicted of being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2022)) and sentenced to 16 years in prison.[1] On

_____

[1] Effective January 1, 2025, this offense has been renamed "[u]nlawful possession of a firearm by a repeat felony offender." See Pub. Act 103-822, § 20 (eff. Jan. 1, 2025) (amending 720 ILCS 5/24-1.7).

appeal, defendant contends that his conviction must be reversed because the AHC statute is facially unconstitutional under the second amendment of the United States Constitution (U.S. Const., amend. II) and the test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). For the reasons that follow, we affirm.

¶ 3      Defendant's conviction arose from the events of November 21, 2023. Following arrest, he was charged with one count of AHC, one count of unlawful use of a weapon by a felon (UUWF), and two counts of aggravated unlawful use of a weapon (AUUW). Prior to trial, defendant filed, *inter alia*, a motion to dismiss the indictment, arguing that the AHC, UUWF, and AUUW statutes were both facially unconstitutional and unconstitutional as applied to him. After the State nol-prossed the charges of UUWF and AUUW, the court denied defendant's motion to dismiss.

¶ 4      At trial, the State presented evidence that, on the day in question, defendant pointed a firearm at two people and then, during a struggle with arresting officers, removed a firearm from his waistband and threw it to the ground. The parties stipulated that defendant "was previously convicted of two prior qualifying offenses." The jury found defendant guilty of AHC and the trial court sentenced him to 16 years in prison.

¶ 5      On appeal, defendant contends that his conviction must be reversed because the AHC statute is unconstitutional on its face. He argues that the AHC statute fails both steps of the two-part test set forth in *Bruen* for determining whether a statute violates the Second Amendment. Specifically, defendant asserts that (1) Second Amendment protections apply to all Americans,

We will refer to this offense by its prior name to conform with the version of the statute under which defendant was charged.

including those with felony convictions in their criminal histories, and (2) no historical analogue exists for a ban on the right to carry a firearm based on previous convictions.

¶ 6 A party bringing a facial constitutional challenge to a statute faces a "particularly heavy burden," as the party "must prove there is no set of circumstances under which the statute would be valid." *People v. Villareal*, 2023 IL 127318, ¶ 14. Statutes are presumed constitutional, and the party challenging the statute has the burden of "clearly establishing its invalidity." (Internal quotation marks omitted.) *People v. Coty*, 2020 IL 123972, ¶ 22. This court has a "duty to construe statutes so as to uphold their constitutionality if there is any reasonable way to do so." (Internal quotation marks omitted.) *People v. Johnson*, 2024 IL App (1st) 231155, ¶ 20. The constitutionality of a statute is a question of law which we review *de novo*. *Villareal*, 2023 IL 127318, ¶ 14.

¶ 7 Defendant challenges the constitutionality of section 24-1.7(a) of the Criminal Code of 2012 (720 ILCS 5/24-1.7(a) (West 2022)), which provided, in relevant part at the time of his conviction, that it is unlawful for a person to possess any firearm after having been convicted two or more times of any combination of certain enumerated felonies. Defendant asserts that section 24-1.7(a) is facially unconstitutional based on the Second Amendment and recent United States Supreme Court precedent.

¶ 8 The Second Amendment provides that, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. In 2008, the United States Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that the Second Amendment protects an individual's right to possess a firearm in the home for the purpose of self-defense. *Id.* at 635. The *Heller* court cautioned,

however, that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626-27.

¶ 9     In 2010, the United States Supreme Court extended the right to keep and bear arms to the states under the Second and Fourteenth Amendments. *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010). The Court reiterated that its earlier decision in *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.' " *Id.* at 786 (quoting *Heller*, 554 U.S. at 626-27).

¶ 10     In 2022, the United States Supreme Court established a two-step test for evaluating the constitutionality of statutes that regulate firearms. *Bruen*, 597 U.S. at 24. The first step is to determine whether the plain text of the Second Amendment "covers an individual's conduct." *Id.* If so, "the Constitution presumptively protects that conduct." *Id.* Then, if the second step is reached, the government must "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* Such justification requires identifying historical precedent that indicates a comparable tradition of regulation. *Id.* at 26-27.

¶ 11     Defendant's challenge to the prohibition of possession of firearms by felons has been repeatedly and uniformly rejected by this court since *Bruen* was decided. See *People v. Grace*, 2025 IL App (1st) 232429-U, ¶ 13 (collecting cases), *pet. for leave to appeal pending*, No. 132199 (filed Aug. 8, 2025); Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025) (nonprecedential orders entered on or after January 1, 2021, may be cited for persuasive purposes). In keeping with this consistent precedent, we find that the AHC statute is constitutional under the two-step *Bruen* analysis.

¶ 12     First, as noted, *Bruen* requires us to determine whether a defendant's conduct is encompassed by the plain text of the Second Amendment. See *Bruen*, 597 U.S. at 17. Different

districts and divisions of this court have come to opposite conclusions on the question of whether possession of a firearm by a felon is covered by the Second Amendment's plain text. See *People v. Wade*, 2025 IL App (1st) 231683, ¶ 48 (noting split in approach), *pet. for leave to appeal pending*, No. 132355 (filed Oct. 8, 2025). Some districts and divisions have found that the Second Amendment does not apply to individuals who are not "law-abiding citizens" (see, *e.g.*, *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37, *pet. for leave to appeal pending*, No. 130174 (filed Nov. 3, 2023)), while others have found that, because *Bruen*'s first step addresses "conduct" and does not "contemplate the actor or the subject," a defendant's status as a felon is irrelevant at this stage (see, *e.g.*, *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 89, *pet. for leave to appeal pending*, No. 130153 (filed Oct. 30, 2023)).

¶ 13　　Here, we agree with the decisions finding that the challenged conduct, namely, possession of a firearm, is covered by the plain text of the Second Amendment, and that a defendant's status as a felon is more appropriately considered under the second step of the *Bruen* analysis. See, *e.g.*, *People v. Woodhouse*, 2026 IL App (1st) 240827, ¶ 46; *Wade*, 2025 IL App (1st) 231683, ¶ 49; *People v. Macias*, 2025 IL App (1st) 230678, ¶ 28, *pet. for leave to appeal pending*, No. 132054 (filed Sept. 3, 2025); *Brooks*, 2023 IL App (1st) 200435, ¶¶ 84-89.

¶ 14　　As such, we turn to the second *Bruen* step, where the government must show that the regulation being challenged is consistent with the nation's tradition of firearm regulation. *Bruen*, 597 U.S. at 27.

¶ 15　　Here, the AHC statute prohibits the possession of firearms by individuals with certain felony convictions in their criminal histories. See 720 ILCS 5/24-1.7(a) (West 2022). The United States Supreme Court has made clear that its holdings should not cast doubt on the "prohibitions

on the possession of firearms by felons." *Heller*, 554 U.S. at 626; see also *United States v. Rahimi*, 602 U.S. 680, 699 (2024) ("In fact, our opinion [in *Heller*] stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.' ").

¶ 16    Moreover, in *Brooks*, this court found that the defendant's constitutional objection to the prohibition of firearm possession by felons failed *Bruen*'s second step in light of our country's historical tradition of regulating firearms. *Brooks*, 2023 IL App (1st) 200435, ¶ 90. The *Brooks* court conducted an extensive and thorough examination of the historical tradition related to the disarming of felons and concluded that the historical record from the founding era, as well as United States Supreme Court precedent, supported the Illinois legislature's ability to prohibit firearm possession by people who are not law-abiding and have " 'demonstrated disrespect for legal norms of society.' " *Id.* ¶ 100 (quoting *United States v. Jackson*, 69 F.4th 495, 504 (8th Cir. 2023)).

¶ 17    We find, as have the other districts and divisions addressing the issue since *Brooks*, that the *Brooks* court's analysis "amply supports a finding that the [AHC] statute is consistent with the nation's history of firearm regulation and, therefore, agree with the numerous courts that have upheld the constitutionality of the statute under the second amendment." *Wade*, 2025 IL App (1st) 231683, ¶ 50; see also *Woodhouse*, 2026 IL App (1st) 240827, ¶ 47 (relying on *Brooks*'s second-step analysis in finding the UUWF statute consistent with the nation's historical tradition of firearm regulation).

¶ 18    In sum, Illinois courts have consistently rejected facial challenges to statutes that prohibit the possession of firearms by felons, including the AHC statute. See, *e.g.*, *People v. Lopez*, 2025 IL App (1st) 232120, ¶ 22 (collecting cases finding the AHC statute constitutional on its face), *pet.*

*for leave to appeal pending*, No. 131973 (filed June 26, 2025). We find no reason to depart from these decisions and, accordingly, reject defendant's contention that the AHC statute is facially unconstitutional.

¶ 19    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 20    Affirmed.