2023 IL App (2d) 200744
No. 2-20-0744
Opinion filed August 9, 2023

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-1749 |
| GREGORY A. ROLLINS, | ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court, with opinion.
Presiding Justice McLaren and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1   Defendant, Gregory A. Rollins, appeals the judgment of the circuit court of Du Page County summarily dismissing his *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)), which sought relief from his conviction under subsection (a)(6) of the child pornography statute in section 11-20.1 of the Criminal Code of 2012 (720 ILCS 5/11-20.1(a)(6) (West 2016)). At issue is whether defendant's petition stated an arguable claim that subsection (b)(5) of the statute (*id.* § 11-20.1(b)(5)), which provides that possession of child pornography must be voluntary, is unconstitutionally vague. We conclude that the petition did not. Thus, we affirm.

¶ 2                                              I. BACKGROUND

¶ 3      On October 19, 2017, defendant was indicted on two counts of child pornography (*id.* § 11-20.1(a)(6)). Count I alleged that "defendant, with the knowledge of the nature or content thereof, possessed a video file entitled, 'aaron-P1010753.avi' depicting a male child, who the defendant reasonably should have known to be under the age of eighteen (18), engaged in an act of masturbation[.]" Count II charged the same offense but as to a video entitled " 'bathroom_beauty_2.mp4.' "

¶ 4      On January 2, 2020, defendant pleaded guilty to count I, in exchange for the dismissal of count II and a ten-year prison sentence. The factual basis of the plea was established as follows:

> "[T]he State would call Detective Hansen of the Buffalo Grove Police Department, who would testify that in May of 2015 he was investigating the defendant, who he would identify in open court as the person standing three people to my right and the defendant in this case. He was investigating him for a violation of his sex offender registration. Through that investigation, the defendant consented to Detective Hansen searching his personal laptop.
>
> Dean Kharasch, K-h-a-r-a-s-c-h, of the Lake County State's Attorney's Office would testify that he performed a forensic analysis of the defendant's laptop and on that laptop he located a video entitled Aaron-P1010753.avi and that video depicted a male child, who the defendant reasonably should have known to be under the age of 18, engaged in an act of masturbation. All of those incidents occurring in Du Page County."

The trial court found that the factual basis was sufficient and that defendant's guilty plea was knowingly and voluntarily entered. The court imposed a 10-year sentence followed by a two-year term of mandatory supervised release, and it dismissed count II.

¶ 5    Defendant did not file a postplea motion or notice of appeal.

¶ 6    On September 1, 2020, defendant filed a *pro se* petition under the Act, raising various claims. As is relevant here, defendant claimed that his due process rights were violated as follows:

"He was erroneously found guilty of the offense of Possession of Child Pornography. The video files in question had been deleted prior to any questioning, investigations, or suspicion of any wrong doing [*sic*]. Purposely deleting unwanted files is an act of abandonment and effectively terminates possession. Per the forensic examination report summary, the video files were inaccessible and recoverable only through the use of special software not present on the device searched. Additionally, section (b)(5) of the Child Pornography statute [(720 ILCS 5/11-20.1(b)(5) (West 2016))] and the Possession statute (720 ILCS 5/4-2 [(West 2016)]) are both impermissibly vague. Both state, in relevant part, 'to be able to terminate his or her possession,' implying that possession can be terminated, though neither explain any further."

Later in the petition, defendant alleged that he asked his defense counsel for a copy of the "full forensic examination report referenced herein" but counsel refused to send it to him. He also alleged that counsel refused to supply an affidavit.

¶ 7    On November 10, 2020, the trial court dismissed the petition as frivolous and patently without merit. The order stated:

"The defendant entered a plea of guilty to one count [of] possession of child pornography and per a plea agreement he was sentenced to ten years in the Illinois Department of Corrections. Except for a reference to ineffective assistance of counsel, the record does not reflect any basis for a constitutional violation. These claims are not set out in any specific claim and fail to even suggest how the outcome would have changed with

the filing of motions by defense counsel. The files from the computer were reviewed and there was a factual basis for the plea and extended-term sentence. There is neither a discernable claim of a constitutional violation nor a supplementary affidavit. The court finds that the defendant's petition is frivolous and patently without merit. The defendant's postconviction petition is hereby dismissed."

¶ 8    Defendant timely appealed, and the Office of the State Appellate Defender was appointed. Pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Meeks*, 2016 IL App (2d) 140509, the appellate defender moved to withdraw as counsel. In his motion, counsel stated that he read the record and explained why none of the claims raised in the petition had arguable merit. However, in so doing, counsel overlooked defendant's constitutional challenge to the child pornography statute and, thus, failed to address whether the claim had arguable merit sufficient to survive summary dismissal. Accordingly, we denied the motion to withdraw, without prejudice. Further, we directed counsel to file either (1) a new motion to withdraw or (2) a brief addressing the issue (and any other nonfrivolous issue counsel desired to raise). Counsel chose the latter. Briefing is now complete.

¶ 9                                    II. ANALYSIS

¶ 10   Defendant contends that the trial court erred in summarily dismissing his petition under the Act. He argues that subsection (b)(5) of the child pornography statute (720 ILCS 5/11-20.1(b)(5) (West 2016)) is unconstitutionally vague and, thus, we must vacate his conviction. Alternatively, he argues that his petition states at least an arguable claim that the statute is unconstitutionally vague and, thus, we should remand the case for second-stage proceedings under the Act.

¶ 11   The Act provides a method by which criminal defendants can assert that their convictions and sentences were the result of a substantial denial of their rights under the United States

Constitution, the Illinois Constitution, or both. See 725 ILCS 5/122-1 *et seq.* (West 2020); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A postconviction proceeding contains three distinct stages. *Hodges*, 234 Ill. 2d at 10. This appeal concerns a summary dismissal at the first stage. At the first stage, the trial court must independently review the postconviction petition, taking the allegations as true, and determine whether the petition's claim is "frivolous or is patently without merit." (Internal quotation marks omitted.) *Id.* A petition is frivolous or patently without merit only if it "has no arguable basis either in law or in fact." *Id.* at 16. A petition with no arguable basis in law or in fact is one "based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.*

¶ 12     If the court does not dismiss the petition at the first stage, the petition advances to second-stage proceedings (725 ILCS 5/122-2.1(b) (West 2020)), where (1) counsel may be appointed for an indigent defendant (*id.* § 122-4) and (2) the State is allowed to move to dismiss or answer the petition (*id.* § 122-5). It is only at the second stage that the "court must determine whether the petition and any accompanying documentation make 'a substantial showing of a constitutional violation.' " *People v. Tate*, 2012 IL 112214, ¶ 10 (quoting *People v. Edwards*, 197 Ill. 2d 239, 246 (2001), and citing *People v. Coleman*, 183 Ill. 2d 366, 381 (1998)). "If no such showing is made, the petition is dismissed." *Id.* However, if a substantial showing of a constitutional violation is set forth, the petition is advanced to the third stage, where the court conducts an evidentiary hearing. *Id.*; 725 ILCS 5/122-6 (West 2020). We review *de novo* the summary dismissal of a postconviction petition. *Tate*, 2012 IL 112214, ¶ 10.

¶ 13     The fourteenth amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const., amend. XIV. "A

vagueness challenge arises from the notice requirement of the fourteenth amendment's due process clause." *People v. Villareal*, 2023 IL 127318, ¶ 33.

> " 'In cases *** that do not involve first amendment freedoms, due process is satisfied if: (1) the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited, and (2) the statute provides sufficiently definite standards for law enforcement officers and triers of fact that its application does not depend merely on their private conceptions.' " *People v. Einoder*, 209 Ill. 2d 443, 453 (2004) (quoting *People v. Greco*, 204 Ill. 2d 400, 416 (2003)).

In determining whether a statute satisfies due process, "we first examine the plain language of the statute in light of its common understanding and practice. [Citation.] If the plain text of the statute sets forth clearly perceived boundaries, the vagueness challenge fails, and our inquiry ends. [Citation.]" *Villareal*, 2023 IL 127318, ¶ 33.

¶ 14    Defendant was convicted under subsection (a)(6) of the child pornography statute (720 ILCS 5/11-20.1(a)(6) (West 2016)), which provides:

> "(a) A person commits child pornography who:
>
> * * *
>
> (6) with knowledge of the nature or content thereof, possesses any film, videotape, photograph or other similar visual reproduction or depiction by computer of any child *** whom the person knows or reasonably should know to be under the age of 18 *** engaged in any activity described in subparagraphs (i) through (vii) of paragraph (1) of this subsection[.]"

Section 11-20.1(a)(1)(iii) includes an "act of masturbation." *Id.* § 11-20.1(a)(1)(iii). In addition, subsection (b)(5) requires that the possession must be voluntary:

"The charge of child pornography does not apply to a person who does not voluntarily possess a film, videotape, or visual reproduction or depiction by computer in which child pornography is depicted. Possession is voluntary if the defendant knowingly procures or receives a film, videotape, or visual reproduction or depiction for a sufficient time to be able to terminate his or her possession." *Id.* § 11-20.1(b)(5).

¶ 15    Defendant contends that subsection (b)(5) is unconstitutionally vague because, according to defendant,

"[i]mplicit in [that] provision is the idea that a person must be able to somehow 'terminate' his possession of a digital file such that he would not be guilty of the offense[,]" but it "provides no guidelines for what steps a person must take to do so, and this information is beyond the knowledge of a person of ordinary intelligence."

Defendant's argument is meritless.

¶ 16    Subsection (b)(5) is, essentially, an exception: "The charge of child pornography does not apply to a person who does not voluntarily possess ***. Possession is voluntary if the defendant knowingly procures or receives a film, videotape, or visual reproduction or depiction for a sufficient time to be able to terminate his or her possession." *Id.* This language defining voluntariness is almost identical to the general statutory definition of "Possession as Voluntary Act" (see 720 ILCS 5/4-2 (West 2020) ("Possession is a voluntary act if the offender knowingly procured or received the thing possessed, or was aware of his control thereof for a sufficient time to have been able to terminate his possession.")) and the Illinois Pattern Jury Instruction definition of "Possession as Voluntary Act" (see Illinois Pattern Jury Instructions, Criminal, No. 4.15

(approved July 18, 2014) ("Possession is a voluntary act if the person knowingly procured or received the thing possessed, or was aware of his control of the thing for a sufficient time to have been able to terminate his possession.")). Other states' criminal codes use similar language. See Mont. Code Ann. § 45-2-101(59) (West 2017) (defining " '[p]ossession' " as "the knowing control of anything for a sufficient time to be able to terminate control"). Involuntariness has been described as "a defense of the failure of proof variety." 2 Wayne R. LaFave, Substantive Criminal Law § 9.1(b) (2d ed. 2003).

¶ 17     In the context of a physical object, it is obvious that if a person were to hand another person a prohibited item, the recipient can with little or no delay hand it back or discard it. That act promptly terminates possession, which can be presented to a jury as evidence that the recipient did not intend to *voluntarily* possess the item. Defendant here argues that an electronic file is different from a physical object because one must take multiple steps to entirely discard the electronic file. As defendant states, deleting an electronic file merely sends it to the computer's recycling bin. Even upon deletion from the recycling bin, the file (or a copy) is still kept in unallocated space on the computer's hard drive, where it can be wholly or partially recovered, although not by using standard file-browsing software. See also *People v. Gumila*, 2012 IL App (2d) 110761, ¶ 18. Defendant does not challenge that the child pornography files were on his computer; rather, he claims not to have known that the files were *still* there, claiming in his petition: "The video files in question had been deleted prior to any questioning, investigations, or suspicion of any wrong doing [*sic*]. Purposely deleting unwanted files is an act of abandonment and effectively terminates possession." He also avers that the files were inaccessible and could not be recovered without "special software not present on the device."

¶ 18     First, defendant's challenge to the statute rests on an untenable assumption. He argues that the statute says he "must be able to somehow 'terminate' his possession of a digital file *such that he would not be guilty of the offense*." (Emphasis added). Defendant's argument assumes that all prior voluntary possession can simply be erased any time a file is later deleted, as if the act of termination could retroactively eliminate the fact of any prior procurement and subsequent knowing possession of any duration. That is akin to arguing that flushing cocaine down the toilet before the police enter the house eliminates the fact of one's cocaine possession up until that moment. Simply destroying evidence at some later time does not indicate inadvertent, involuntary possession as would immediately returning an unwanted or accidental "gift." The statute pertains to timing as indicative of inadvertency, which is evidence of involuntariness; if a person were to hand another person cocaine but the second person handed it right back, that termination of momentary possession would be evidence that the possession was involuntary, while continued possession would indicate otherwise. See *People v. Josephitis*, 394 Ill. App. 3d 293, 301 (2009) (interpreting subsection (b)(5) as operating "to protect against any concern regarding the inadvertent receipt of pornographic images"). But termination by any means cannot erase all evidence of prior voluntary, continuing possession (or one's knowing or intended receipt and retention, even if temporary). The burden of proof remains with the State to prove not only possession, but voluntary possession for enough time for a defendant to have been capable of dispossessing the material. If a defendant presents evidence that he dispossessed (or attempted to dispossess) the material, the State, in order to overcome the involuntary possession exception, must prove that he possessed it for a sufficient time for a jury to reasonably determine that the possession was voluntary. Thus, termination of possession is indicative of a potential exception that the State

has to overcome; it is not an automatic and complete immunity, but rather a question of fact bearing on voluntariness.

¶ 19    Second, defendant fundamentally misapprehends the plain meaning of the statute. "Possession" and "terminate" are commonly understood terms that any ordinary person can comprehend, even in the context of a computer file. "Terminate," as used in the statute, pertains only to whether possession is "voluntary." The computer's automatic retention of a file (upon its deletion or otherwise) does not constitute the totality of the crime; rather, it is merely evidence that the defendant may have voluntarily possessed child pornography at some given time. Moreover, the presence of the file's copy in unallocated space is useful not only to the State in proving defendant's voluntary possession; that same fact is also useful to the defense in showing that he terminated his possession of the original file and thus did not possess it voluntarily.

¶ 20    Finally, defendant claims that the child pornography statute "provides no guidelines for what steps a person must take to [terminate possession], and this information is beyond the knowledge of a person of ordinary intelligence." However, there is no constitutional requirement that this statute specify "guidelines" or "steps" explaining how to properly delete computer files in a way that would terminate his possession more fully. While a statute can violate due process for being vague when "its *prohibitions* are not clearly defined," (emphasis added) (*Villareal*, 2023 IL 127318, ¶ 33), it does not follow that a statutory exception must include detailed instructions on what a defendant must show to claim the exception. Regardless, it is clear from the plain language of this unambiguous statute that the only circumstance indicative of voluntariness is how long defendant possessed the file.

¶ 21    Even without statutory instructions on how to terminate possession of a computer file, a defendant can still present the defense that his possession of the file was involuntary because he

had promptly terminated his possession by deleting it and retaining no ability to retrieve it. In its case-in-chief at trial, the State presumably would present evidence showing the automatically retained file in unallocated computer space. Defendant could then testify or present other evidence showing that his act of deleting the file (albeit an incomplete deletion of the material) and rendering it inaccessible to himself was an act intended to promptly terminate possession—indicating that his initial possession had been involuntary. The State would then have the burden of presenting additional evidence of, *inter alia*, defendant's intent to voluntarily possess the file, such as the duration of his possession in excess of a reasonable time to dispossess it, his seeking out or soliciting such material, his multiple openings of the file, or his opportunity or ability to copy, print, or send the images to others (even if not exercised). See *Gumila*, 2012 IL App (2d) 110761, ¶ 42 (internet browsing history on the defendant's computer, which suggested that the defendant sought out and intended to revisit child pornography websites, was admissible to show that the defendant's "accessing of illicit images was knowing and voluntary rather than inadvertent"); *Josephitis*, 394 Ill. App. 3d at 301, 306 (evidence that the defendant actively sought out and paid for access to child pornography websites and viewed over 700 images was sufficient to establish "the ability to copy, print, or send the images to others" and thus the defendant's voluntary possession of images located in temporary files on his computer); and *People v. Scolaro*, 391 Ill. App. 3d 671, 680 (2009) (evidence that the defendant admitted subscribing to websites containing images of child pornography and forwarding images to others was sufficient to establish voluntary possession of images in temporary files on the defendant's computer). The jury can credit the defendant's claim of inadvertence by assessing the timing and totality of the circumstances of his act of deleting the original file and whether it constituted "terminat[ion of] possession." See 720 ILCS 5/11-20.1(b)(5) (West 2016). It is for the finder of fact to determine whether the possession

of either the original file or the copy was voluntary. That does not render the statutory language for this defense unconstitutionally vague or otherwise deprive the defendant of due process.

¶ 22   Based on the foregoing, we hold that, because the petition fails to state an arguable claim that section (b)(5) of the child pornography statute (*id.*) is unconstitutionally vague, the trial court properly dismissed defendant's *pro se* postconviction petition.

¶ 23                              III. CONCLUSION

¶ 24   For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 25   Affirmed.

---

*People v. Rollins*, **2023 IL App (2d) 200744**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 17-CF-1749; the Hon. John J. Kinsella, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Christopher McCoy, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Kristin M. Schwind, Assistant State's Attorneys, of counsel), for the People. |