2023 IL App (1st) 221746-U

FOURTH DIVISION
Order filed October 19, 2023

No. 1-22-1746

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of Cook |
| Plaintiff-Appellee, | ) | County. |
| | ) | |
| v. | ) | No. 01 CR 373 |
| | ) | |
| LAKISHA WOODARD, | ) | Honorable |
| | ) | Carol M. Howard, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford  and Justice Martin concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirmed the second stage dismissal of the defendant's petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) where postconviction counsel provided reasonable assistance when he elected not to amend the defendant's *pro se* postconviction petition because the defendant has not overcome the presumption of compliance created by the filing of an Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate.

¶ 2    The defendant, Lakisha Woodard, appeals from the order of the circuit court granting the State's motion to dismiss her postconviction petition. On appeal, the defendant contends that she was denied the reasonable assistance of postconviction counsel. The defendant argues that she was provided unreasonable assistance when postconviction counsel failed to "substantiate [her] claim that her *de facto* life sentence violates the Eighth Amendment [(U.S. Const., amend. VIII)] and Illinois Proportionate Penalties clause [(Ill. Const. 1970, art I, § 11)] as applied to her for a crime she committed when she was only 21 years old." The State responds that a certificate filed pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) creates a presumption that postconviction counsel made a concerted effort to obtain support for the defendant's claims but could not, and that her eighth amendment and proportionate penalties clause arguments fail, as a matter of law, because she was 21 years old at the time of the offense. For the reasons that follow, we affirm.

¶ 3    The facts of this case are adequately set forth in this court's previous opinion, *People v. Woodward*, 367 Ill. App. 3d 304 (2006), and we repeat only those necessary to an understanding of the current appeal.

¶ 4    Following a jury trial, the defendant was found guilty of first degree murder and solicitation of murder. According to the State's theory of the case, the defendant was involved in a series of altercations during which her face was slashed with a razor knife. The defendant asked her codefendant, Marlon Porter, to kill DaShaun Smith and Joanna Smith in retaliation for her injury. The defendant provided Porter with a loaded revolver and a car. Porter took the weapon, but, in a case of mistaken identification, shot Orlando Patterson. Patterson died as a result of his injuries.

¶ 5    Following argument by the parties, the trial court sentenced the defendant to consecutive terms of 45 years' incarceration for murder and 20 years' incarceration for solicitation of murder.

On direct appeal, this court affirmed the defendant's convictions and sentences. *Woodward*, 367 Ill. App. 3d at 323.

¶ 6       In August 2021, the defendant filed a motion for leave to file a successive postconviction petition. Although the motion sought leave to file a successive postconviction petition, it appears from the record that his was actually the defendant's initial postconviction petition. The petition alleged, in relevant part, that the defendant was 21 years old at the time of the offenses. The petition further alleged that her 65-year sentence was a *de facto* life sentence and that such a sentence violated the eighth amendment of the United States Constitution. Alternatively, the petition argued that the "Illinois Excluded Jurisdiction Statute" (705 ILCS 405/5-130 (West 2020)) violated both the eighth amendment and the Illinois constitution's due process (Ill. Const. 1970, art 1, § 2) and proportionate penalties clauses. The circuit court initially dismissed the petition, but vacated the dismissal, advanced the petition to the second stage and appointed counsel to represent the defendant.

¶ 7       In May 2022, counsel filed a certificate pursuant to Rule 651(c) which stated counsel had: consulted with the defendant; examined the record; and examined the defendant's petition. In the certificate, counsel opined that the defendant's petition provided an adequate presentation of her claims and stated that he was not filing a supplemental petition.

¶ 8       In September 2022, the State filed a motion to dismiss the defendant's petition. Counsel for the defendant elected not to file a written response. During oral argument, the State argued that the defendant was not entitled to the protections accorded juveniles by *Miller v. Alabama*, 567 U.S. 460 (2012)**,** because she was 21 years old at the time of the offense. The State further argued that her "non-*Miller*" eighth amendment claims failed because her 65-year sentence was not "grossly disproportionate" to the crime. The circuit court held that, in light of the defendant's age, her *Miller*

claim and excluded jurisdiction claims failed. The circuit court further held that, in light of the defendant's role in the murder, the 65-year sentence did not violate the eighth amendment. The circuit court granted the State's motion to dismiss. This appeal followed.

¶ 9    On appeal, the defendant does not contend that her *pro se* petition set forth a substantial claim of a constitutional violation. The defendant has also apparently abandoned any claim based on the excluded jurisdiction section of the Juvenile Court Act of 1987 (405/5-130 (West 2020)) Instead, the defendant contends that she was denied the reasonable assistance of counsel because postconviction counsel failed to amend or supplement her petition to set forth a substantial claim that the imposition of a *de facto* life sentence in her particular circumstances violated the proportionate penalties clause of the Illinois constitution. We disagree.

¶ 10    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a method whereby a criminal defendant can assert that her conviction or sentence violates the United States Constitution, the Illinois Constitution, or both. See *People v. Rollins*, 2023 IL App (2d) 200744, ¶ 11 (citing *People v. Hodges*, 234 Ill. 2d 1, 9 (2009)). The Act sets forth three stages of proceedings. *People v. King*, 2023 IL App (1st) 220916, ¶ 36. At the first stage, the circuit court independently reviews the petition and determines whether it is frivolous or patently without merit. *Id.*, ¶ 38. If a petition is not dismissed at the first stage, it proceeds to the second stage where the court may appoint counsel for the defendant and the State may file a motion to dismiss or an answer to the petition. *Id.* To survive dismissal, a petition must make a substantial showing of a constitutional violation. *Id.*, ¶ 39. If a petition is not dismissed at the second stage of proceedings, it proceeds to the third stage for an evidentiary hearing. *Id.* At the second stage of proceedings, all

well-pleaded facts are taken as true, and we review the circuit court's decision to dismiss *de novo*. See *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 11 "There is no constitutional right to the assistance of counsel in postconviction proceedings; the right to counsel is wholly statutory (see 725 ILCS 5/122–4 (West 2000)), and petitioners are only entitled to the level of assistance provided for by the Post–Conviction Hearing Act (Act) ( 725 ILCS 5/122–1 et seq. (West 2000))." *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). The level of assistance required is only a reasonable one. See *People v. Pabello*, 2019 IL App (2d) 170867, ¶ 22 (citing *People v. Flores*, 153 Ill. 2d 264, 276 (1992)). One aspect of reasonable assistance is compliance with Illinois Supreme Court Rule 651(c). *Id.*, ¶ 23. Rule 651(c) imposes three duties on postconviction counsel. *Id.* Counsel must show that he (1) consulted with the petitioner to ascertain her contentions of constitutional violations, (2) examined the trial record, and (3) made any amendments to the pro se petition necessary to adequately present the petitioner's claims. Rule 651(c) (eff. July 1, 2017). "The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule." *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25. We review *de novo* an attorney's compliance with Rule 651(c) and the scope of an attorney's duties under the rule. *People v. Smith*, 2020 IL App (1st) 181220, ¶ 13.

¶ 12 The defendant's arguments focus on Rule 651(c)'s third duty. The third duty does not require postconviction counsel to make amendments that would only advance frivolous or spurious claims. See *People v. Gallano*, 2019 IL App (1st) 160570, ¶ 30 (citing *People v. Greer*, 212 Ill. 2d 192, 205 (2004)). Amendments that would only further a frivolous or patently nonmeritorious claim are not "necessary" within the meaning of Rule 651(c). Similarly, postconviction counsel has no obligation to locate witnesses not specifically identified by the petitioner, conduct an investigation to discover

the identity of witnesses who might support the petitioner's claims, or engage in a generalized fishing expedition in search of support for the claims in the petition. See *People v. Williams*, 186 Ill. 2d 55, 60-61 (1999).

¶ 13    In this case, the defendant argues that postconviction counsel failed to adequately support her proportionate penalties claim. In order to determine whether counsel was obligated to do so, we must examine the merits of her claim. Here, the defendant was 21 years old at the time of the offenses. The appellate court in this state has generally rejected *Miller*-type proportionate penalties claims for defendants over the age of 21. See *People v. Green*, 2022 IL App (1st) 200749, ¶ 42 (collecting cases and concluding "the line of adulthood has been drawn at age 21.") The defendant, however, relies on what may be the only case allowing an emerging adult claim to proceed for a defendant over the age of 21, *People v. Savage*, 2020 IL App (1st) 173135. In *Savage,* a panel of this court reversed the summary dismissal of a postconviction petition that claimed the 85-year sentence imposed on the defendant, who was 21 years and 7 months of age at the time of his offense, violated the proportionate penalties clause. The *Savage* defendant argued that he had been drug addicted since the age of nine years old and that he was using drugs at the time of the offense and that these facts lowered his "functional age."

¶ 14    We find the defendant's reliance on *Savage* unavailing. First, Savage has been strongly criticized by other panels of this court. See *People v. Buford*, 2023 IL App (1st) 201176, ¶ 47 ("Since its issuance, the *Savage* decision has become an outlier in the developing case law regarding youthful offenders ***.") Second, *Savage* is distinguishable. *Savage* involved a first stage summary dismissal of a postconviction petition. *Savage*, 2020 IL App (1st) 173135, ¶ 47. Accordingly, the reviewing court in *Savage* was looking simply for the "gist of a constitutional claim." *Id.*, ¶ 53. In this case,

where the proceedings had reached the second stage, the defendant was required to make a substantial showing of a constitutional violation. See *King*, 2023 IL App (1st) 220916, ¶ 39. In light of these different burdens, we do not believe *Savage* provides a good analogy to the defendant's case.

¶ 15    Moreover, there are significant factual differences between *Savage* and this case. The defendant in *Savage* claimed that he was drug addicted from the age of nine, had been treated for mental illness, and had been in special education classes. *Savage*, 2020 IL App (1st) 173135, ¶¶ 71-72. Here, the defendant's petition alleged no similar facts supporting a proportionate penalties claim.

¶ 16    The defendant argues, however, that her claim would not be frivolous if postconviction counsel had amended the petition to add the factual support we have found missing. The defendant argues that this proposed amendment constituted nothing more than a routine amendment and relies on *People v. Addison*, 2023 IL 127119, for the proposition that the failure to make routine amendments necessary to "shape" a defendant's claims falls below the level of reasonable assistance. See *Id.*, ¶ 25. We find that the defendant's arguments based on *Addison* are similarly unavailing. In *Addison*, the defendant attempted to avoid forfeiture of several claims in his *pro se* petition by arguing that appellate counsel was ineffective for failing to raise those issues on direct appeal. *Id.* Postconviction counsel filed an amended petition but eliminated the allegations of ineffective assistance of appellate counsel. *Id.* Our supreme court held that postconviction counsel's actions which actually eliminated necessary allegations from the defendant's petition rebutted the presumption of compliance created when postconviction counsel filed a Rule 651(c) certificate. See *Id.*, ¶ 28.

¶ 17 Here, we cannot conclude that the presumption of compliance has been rebutted. The defendant argues that postconviction counsel should have amended her petition with "new mitigating evidence about [the defendant's] circumstances that was not present at her original sentencing hearing." This cannot be described as a routine amendment. On appeal, the defendant does not identify what evidence postconviction counsel should have added or where counsel could have obtained the evidence. The defendant has not identified anything in the record that would even suggest where counsel could have located evidence that would have supported the defendant's claim. In short, the defendant is arguing for a fishing expedition. We conclude the alleged failure of postconviction counsel in this case to engage in a fishing expedition does not rebut the presumption of compliance created by the filing of a Rule 651(c) certificate.

¶ 18 Therefore, we conclude that the defendant has not overcome the presumption of compliance created by postconviction counsel's filing of a Rule 651(c) certificate and the circuit court did not err in dismissing her petition.

¶ 19 For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 20 Affirmed.